**Jin ZHONG, Petitioner,**

v.

**Alberto R. GONZALES, Attorney
General, Respondent.**

**No. 04–71898.**

**Agency No. A75–629–738.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 9, 2006.*

Decided Jan. 13, 2006.

Kevin G. Long, Monterey Park, CA, for Petitioner.

---

courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jin Zhong Monterey Park, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before HUG, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

### MEMORANDUM **

Jin Zhong, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") affirmance of an Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal, and for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility determination, *Chebchoub v. INS,* 257 F.3d 1038, 1042 (9th Cir.2001), and we deny the petition.

Substantial evidence supports the BIA's adverse credibility finding based on petitioner's submission of a fraudulent asylum application and based on inconsistencies between his first two asylum applications and his testimony at the asylum hearing with regard to his detention, his involvement in a 1995 rally, and his letters to the Chinese government. *See id.* at 1043–45.

Because petitioner failed to demonstrate that he was eligible for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Petitioner also fails to establish a CAT claim because he did not show that it was more likely than not that he would be tortured if he was returned to China. *See Kamalthas v. INS,* 251 F.3d 1279, 1283 (9th Cir.2001).

PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

